UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KONSTANTINO APOSTOLAKIS, *on behalf of themselves and all others similarly situated*,
        Plaintiff

-against-

DOUGH BROOKLYN # 1 LLC d/b/a DOUGH DONUTS and STEVE KLEIN, *individually*,
        Defendants

Case No.:

**COMPLAINT**
**FLSA COLLECTIVE ACTION**
**DEMAND FOR JURY TRIAL**

Plaintiff, KONSTANTINO APOSTOLAKIS ("Plaintiff"), by and through his undersigned attorneys, Sacco & Fillas LLP, files this Complaint against Defendants, DOUGH BROOKLYN # 1 LLC (d/b/a "Dough Donuts") and STEVE KLEIN (collectively, "Defendants"), located at 14 W 19th St, New York, New York 10011 and states as follows:

## 1. **NATURE OF THE ACTION**

1. This action is brought to recover overtime wages, unpaid spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and New York Labor Law § 190, et seq. ("NYLL").

2. Defendants regularly required non-exempt workers to work in excess of forty hours per week and paid them at rates that failed to compensate them for overtime pay of time and one and one half (1½) times their regular wage rate for hours worked over forty per workweek, as required by the FLSA and NYLL.

3. Defendants also failed to pay Plaintiff and other non-exempt workers spread-of-hours pay and provide them with wage notices or wage statements, in violation of NYLL and the New York Wage Theft Prevention Act ("WTPA").

4. Plaintiff brings this action to recover overtime pay, unpaid spread-of-hours pay, statutory damages for violation of the WTPA, liquidated damages, pre-and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## 2. **JURISDICTION AND VENUE**

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## 3. **PARTIES**

### 3.1. **Plaintiff KONSTANTINO APOSTOLAKIS**

7. Plaintiff KONSTANTINO APOSTOLAKIS is an adult resident of Queens County, New York.

8. Plaintiff KONSTANTINO APOSTOLAKIS was employed by Defendants as first a kitchen worker, whose responsibilities included cleaning the kitchen, preparing food, preparing dough, and to assist others in the kitchen.

9. From approximately December 2020 to November 21, 2023, Plaintiff KONSTANTINO APOSTOLAKIS was then employed by Defendants as a delivery driver, whose responsibilities included delivering product to Defendants' stores, delivering orders to customers, and cleaning Defendants' stores for when they opened for the day.

10. Plaintiff KONSTANTINO APOSTOLAKIS was employed by Defendants at Defendants' store located at 14 W 19th St, New York, New York, 10011.

11. Plaintiff KONSTANTINO APOSTOLAKIS was employed by Defendants from approximately December 15. 2018 to approximately November 21, 2023.

12.     Throughout his employment, KONSTANTINO APOSTOLAKIS was an employee engaged in interstate commerce or in the production of goods for interstate commerce, as defined in the FLSA.

### 3.2. Defendant DOUGH BROOKLYN #1 LLC (d/b/a "Dough Donuts")

13.     Defendant DOUGH BROOKLYN # 1 LLC (d/b/a "Dough Donuts") is a domestic limited liability company organized and existing under the laws of the State of New York, with a principal place of business at 14 W 19th St, New York, New York, 10011.

14.     Defendant DOUGH BROOKLYN # 1 LLC (d/b/a "Dough Donuts") has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15.     Defendant DOUGH BROOKLYN # 1 LLC (d/b/a "Dough Donuts") is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

16.     Within the three years prior to the filing of this Complaint, DOUGH BROOKLYN # 1 LLC (d/b/a "Dough Donuts") had an annual gross volume of sales in excess of $500,000.

### 3.3. Defendant STEVE KLEIN

17.     Defendant, STEVE KLEIN, is an owner, general manager, officer, director and/or managing agent of Dough Donuts.

18.      Defendant STEVE KLEIN's address is 30 Longfellow Road, Great Neck, New York, 11023.

19.     Defendant STEVE KLEIN participated in the day-to-day operations of Dough Donuts, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York

Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Dough Donuts.

20. The individual Defendant, STEVE KLEIN exercised control over the terms and conditions of employees' employment, including Plaintiff, in that they have and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

21. Defendant STEVE KLEIN conducted a job interview of Plaintiff.

22. Defendant STEVE KLEIN had authority to hire Plaintiff.

23. Defendant STEVE KLEIN played a significant role in authorizing Plaintiffs to be hired.

24. Defendant, STEVE KLEIN, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

25. At all times material herein, STEVE KLEIN had the authority to hire and fire employees of Dough Donuts, set wages, and otherwise control the terms and conditions of their employment.

26. At all times material herein, STEVE KLEIN has established and exercised authority regarding the managerial and administrative practices at Dough Donuts. He has power over payroll decisions, including the power to retain time and/or wage records.

4

4. **FACTUAL ALLEGATIONS**

4.1. **PLAINTIFF KONSTANTINOS APOSTOLAKIS**

27.    From approximately December 15, 2018, until approximately December 2020, Plaintiff KOSTANTINOS APOSTOLAKIS worked as a kitchen worker seven days a week for approximately 72 hours per week.

28.    From December 2020 to December 20, 2022, Plaintiff worked as a delivery driver approximately 6 days a week from approximately 6:00 AM to 2:00 PM, and approximately one day a week from 6:00 AM to 4:00 PM, for approximately 58 hours.

29.    From approximately December 20, 2022, to November 21, 2023, Plaintiff worked as a delivery driver approximately 3 days a week from 6:00 AM to 2:00 PM, and approximately 2 days a week from 6:00 AM to 5:00 PM, for approximately 48 hours.

30.    From December 15, 2018, to approximately December 2019. Plaintiff was paid $15.00 an hour.

31.    From approximately December 2019 to approximately December 2020, Plaintiff was paid $18.50 an hour.

32.    From approximately December 2020 to December 20, 2022 Plaintiff was paid approximately $1400 a week.

33.    From approximately December 20, 2022, to November 21, 2023, Plaintiff was paid approximately $1000 a week.

34.    From December 15, 2018, to approximately December 2020, Plaintiff was paid entirely in check.

35.    From approximately December 2020 to November 21, 2023, Plaintiff was paid partly in check and partly in cash.

36. Defendants did not pay Plaintiff at one and one-half (1½) times his regular hourly rate for hours worked above forty per week.

37. Defendants did not furnish Plaintiff with wage notices upon hiring or whenever his rate of pay changed.

38. Defendants did not furnish Plaintiff with each wage payment a wage statement that provided, inter alia, Plaintiff 's regular and overtime rates of pay and the number of hours worked.

39. Defendants have more than eleven (11) employees.

40. From approximately December 2020 to November 21, 2023, Plaintiff did not punch a time clock or otherwise document his start and end times each workday.

41. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff overtime (of time and one-half) and spread of hours pay, in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

42. Plaintiff was not given a meal break.

43. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages, in contravention of the FLSA and New York Labor Law.

44. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

45. Because of Defendants' failure or refusal to provide wage notices and statements as required under N.Y. Lab. Law § 195, Defendants were able to conceal the underpayment of wages that were lawfully due to Plaintiff.

**4.2. COLLECTIVE ACTION ALLEGATIONS**

46. Plaintiff brings the claims in this Complaint arising out of the FLSA on behalf of himself and all similarly situated kitchen staff who are or were employed at Dough Donuts since the

6

date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

47.    The FLSA Collective consists of approximately fifteen similarly situated preparers and bakers (*i.e.,* kitchen staff), who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia,* willfully denying them minimum wages, overtime wages, and other monies.

48.    As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice includes, *inter alia,* the following:

    a.    failing to pay the FLSA Collective overtime wages at one and one-half times their regular hourly wage rates for all hours worked over forty per workweek;

    b.    failing to keep accurate records of all hours worked by the FLSA Collective, as required by the FLSA and NYLL.

49.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

50.    Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant monetary damage to Plaintiffs and the FLSA Collective.

51.    The FLSA Collective would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. Those similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

**5.  FIRST CLAIM - Fair Labor Standards Act - Unpaid Overtime**

52.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

53.    Defendants were required to pay Plaintiff one and one-half (1½) times his regular hourly rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 et seq.

54.    Defendant have failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

55.    Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

56.    Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

**6.  SECOND CLAIM - New York Labor Law - Unpaid Overtime**

57.    Plaintiffs repeat and incorporates all foregoing paragraphs as if fully set forth herein.

58.    Under the NYLL and supporting New York State Department of Labor ("NY DOL") regulations, Defendants were required to pay Plaintiff one and one-half (1½) times his regular hourly rates for all hours worked in excess of forty.

59.    Defendants have failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL.

60.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay overtime wages.

61.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

8

**7.  THIRD CLAIM - New York Labor Law - Failure to Provide Wage Notices**

62.  Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

63.  The NYLL and the Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

64.  Defendants failed to furnish to Plaintiff whenever there was a change to his rate of pay a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191, and anything otherwise required by law; in violation of NYLL § 195(1).

65.  Due to Defendants' violation of NYLL § 195(1), Plaintiff is each entitled to recover from the Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 198(1-b).

**8.  FOURTH CLAIM - New York Labor Law - Failure to Provide Accurate Wage Statements**

66.  Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

67.  The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

68.  Defendants failed to furnish to Plaintiff, with each wage payment, a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

69.    Due to Defendants' violation of the NYLL § 195(3), Plaintiff is each entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## 9.  FIFTH CLAIM - New York Labor Law - Spread-of-Hours Pay

70.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

71.    Defendants have willfully failed to pay Plaintiff and other non-exempt employees additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

72.    By Defendants' failure to pay Plaintiff and non-exempt employees spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, the Wage Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146-1.6.

73.    Due to Defendants' willful violations of the NYLL, Plaintiff and non-exempt employees that opt-in to this action are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## 10.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the FLSA Collective, respectfully requests that this Court enter a judgment:

a.   authorizing the issuance of notice at the earliest possible time to all non-exempt employees who were employed by Defendants during the three years immediately preceding the filing of this action, up through and including the date of this Court's issuance of court-supervised notice, at Defendants' business. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b.  declaring that Defendants have violated the overtime wage provisions of the FLSA and the NYLL;

c.  declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

d.  declaring that Defendants violated the notice and record keeping provisions of the WTPA;

e.  declaring that Defendants' violations of the FLSA and NYLL were willful;

f.  awarding Plaintiff and the FLSA Collective damages for unpaid overtime wages;

g.  awarding Plaintiff and the non-exempt kitchen staff employees who opt into this lawsuit damages for spread-of-hours wages;

h.  awarding Plaintiff and the non-exempt kitchen staff employees who opt into this lawsuit liquidated damages as a result of Defendants' failure to furnish accurate wage statements and wage notices pursuant to the NYLL and the WTPA;

i.  awarding Plaintiff and the FLSA Collective liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

j.  awarding Plaintiff and the non-exempt kitchen staff workers who opt into this lawsuit pre-judgment interest pursuant to the NYLL;

k.  awarding Plaintiff and the FLSA Collective post-judgment interest as required under 28 U.S.C. § 1961(a);

l.  awarding reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

m.  awarding such other and further relief as the Court deems just and proper.

Dated: Astoria, New York
     June 7, 2024

Respectfully submitted,

By: _____ /s/*Oscar Alvarado*
    Oscar Alvarado, Esq.,
    Sacco & Fillas LLP
    3119 Newtown Ave, Seventh Floor
    Astoria, NY 11102
    Tel: 718-269-2207
    OAlvarado@SaccoFillas.com

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER
LIABILITY FOR SERVICES RENDERED**

**TO**: DOUGH BROOKLYN # 1 LLC D/B/A DOUGH DONUTS

PLEASE TAKE NOTICE THAT pursuant to the provisions of Section 630 of the Business Corporation Law of New York and Section 609 of the Limited  Liability Company Law of New York, you are hereby notified that the Plaintiff and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders and/or members of DOUGH BROOKLYN # 1 LLC D/B/A DOUGH DONUTS for all debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the said corporation/LLC for services performed by them for the said corporation/LLC within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf

Dated: Astoria, New York
    June 7, 2024

Respectfully submitted,

By: _____ /s/ *Oscar Alvarado*
    Oscar Alvarado, Esq.,
    Sacco & Fillas LLP
    3119 Newtown Ave, Seventh Floor
    Astoria, NY 11102
    Tel: 718-269-2207
    OAlvarado@SaccoFillas.com

13

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

**TO**: DOUGH BROOKLYN # 1 LLC D/B/A DOUGH DONUTS

PLEASE TAKE NOTICE THAT the Plaintiff and others similarly situated as employees of the above corporation or LLC who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, and Section 609 of the Limited Liability Company Law of New York, payment of debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the above corporation or LLC for services performed by them for the above corporation or LLC within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation or LLC, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporation/LLC and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Astoria, New York
      June 7, 2024

Respectfully submitted,

By: _____ /s/ *Oscar Alvarado*
    Oscar Alvarado, Esq.,
    Sacco & Fillas LLP
    3119 Newtown Ave, Seventh Floor
    Astoria, NY 11102
    Tel: 718-269-2207
    OAlvarado@SaccoFillas.com

14

## CONSENT TO JOIN ACTION
## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New York Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Translation / Μετάφραση

Με το παρόν συναινώ να είμαι διάδικος ενάγων σε αγωγή για την ανάκτηση μη κα ταβληθέντων μισθών, συμπεριλαμβανομένων, ενδεικτικά, των κατώτατων μισθών, των υπερωριών, της κατανομής ωρών, των φιλοδωρημάτων, των νόμιμων και εκκ αθαρισμένων αποζημιώσεων, των αμοιβών δικηγόρου, των εξόδων, των τόκων και άλλων ποσών που οφείλονται σε εμένα και άλλοι εργαζόμενοι σε παρόμοια θέση σ ύμφωνα με τον ομοσπονδιακό νόμο περί δίκαιων προτύπων εργασίας, το εργατικό δίκαιο της Νέας Υόρκης και τους κανονισμούς εφαρμογής και τις μισθολογικές εντο λές.

Με το παρόν εξουσιοδοτώ τη Sacco & Fillas LLP να διεκδικήσει τυχόν αξιώσεις που μπορεί να έχω, συμπεριλαμβανομένης της δικαστικής αγωγής που μπορεί να είναι απαραίτητη, και συναινώ, συμφωνώ και έχω την επιλογή να γίνω ενάγων στο παρ όν και να δεσμεύομαι από οποιονδήποτε διακανονισμό αυτής της αγωγής ή απόφα σης από το δικαστήριο.

Name/ Όνομα: _Konstantinos Apostolakis_

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/ Υπογραφή: _____    Date/ Ημερομηνία: _05/14/2013_